**Beryl C. QUINTON, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

**Appeal No. 86–1027.**

United States Court of Appeals, Federal Circuit.

Dec. 31, 1986.

R. Travis Douglas, Douglas & Douglas, Kenner, La., argued for petitioner.

Howard Lipper, Commercial Litigation Branch, Dept. of Justice, of Washington, D.C., argued for respondent. With him on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and Mary M. Mitchelson, Asst. Director; Carl Josephson, Chief, Claims & Litigation, U.S. Coast Guard and Bernard J. Roan, Staff Atty., Claims & Litigation Branch, U.S. Coast Guard, Washington, D.C., of counsel.

Before DAVIS, NEWMAN and ARCHER, Circuit Judges.

ARCHER, Circuit Judge.

Beryl C. Quinton (Quinton) appeals the decision of the Merit Systems Protection Board (MSPB or board), Docket No. DA07528510286, 29 M.S.P.R. 699, sustaining her removal from the Department of Transportation (DOT) [Eighth Coast Guard District] for falsely claiming *per diem* and

for failing to report time worked in accordance with proper agency procedure.

We hold that the MSPB correctly sustained these charges and properly found that they were not in reprisal for whistleblowing. We also sustain Quinton's removal.

### Background

Quinton was removed effective March 29, 1985, based on the following charges:

(1) filing false travel claims;

(2) requesting and receiving overtime pay while attending training sessions;

(3) falsifying official time and attendance records;

(4) wrongfully claiming and receiving payment for working through a lunch break;

(5) wrongfully claiming and receiving payment for overtime for increments of work of less than fifteen minutes in duration;

(6) directing subordinate employees to obtain unauthorized approving signatures on her official time and attendance record; and

(7) using government resources for unofficial purposes to send notices for the New Orleans Chapter of the Classification and Compensation Society, a private organization.

The MSPB upheld charges one and three and dismissed the remaining five charges. Charge one alleges that Quinton submitted false travel claims for *per diem* for December 3 and 4, 1982 and December 3, 1983, in violation of 18 U.S.C. § 287. The agency's charge three consists of eighteen specifications in support of the allegation that Quinton falsified DOT records in violation of 18 U.S.C. § 1001.

The charges against Quinton were generated by an "audit" of Quinton's office. The audit followed Quinton's refusal to implement a promotion, a within-grade increase, and a special achievement award granted by the agency. Quinton believed that the promotion and pay increase were "illegal handouts" and that the award was improper because it would be disbursed after the employee left government service. The first two resulted from Equal Employment Opportunity claims that were settled by order of the Director of Civil Rights of the Department of Transportation and the award was issued by the Coast Guard headquarters. The Coast Guard's legal office reviewed these actions and advised Quinton that there were no illegalities or improprieties.

On appeal, Quinton argues that the charges sustained by the MSPB are contrary to the evidence, that the penalty was too severe and disproportionate to the offense, and that her removal was in retaliation for "whistleblowing."

### Analysis

#### I.

Our standard of review of an MSPB decision on the substantive charges is limited. The decision must be sustained unless it is found to be:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence; * * *.

5 U.S.C. § 7703(c); *Hayes v. Department of the Navy*, 727 F.2d 1535, 1537 (Fed.Cir. 1984).

■ In regard to charge one concerning Quinton's claim for *per diem*, there is substantial evidence of record that, contrary to Quinton's assertions, Coast Guard policy does not permit *per diem* for personal travel adjacent to official travel. The MSPB stated that Quinton's assertion of a good faith belief that she could travel at government expense is incredible. This conclusion depends largely on witness credibility determinations by the MSPB, to which we generally defer. *DeSarno v. Department of Commerce*, 761 F.2d 657, 661 (Fed.Cir. 1985). Quinton's allegation that such claims are common against the govern-

ment, even if true, would not exonerate any individual claimant from punishment for making such false claims.

The MSPB's finding that Quinton filed false claims for overtime (charge three) is also supported by substantial evidence. With respect to several specifications of charge three that Quinton claimed overtime work between May 1983 and April 1984 on days other than when the overtime was completed, the MSPB noted that Quinton stipulated as to the accuracy of the records furnished by the agency in support. Quinton's explanation was that "lumping" or collection of increments of overtime less than fifteen minutes for future reporting was utilized in her office. The MSPB, however, determined that there was no evidence that the agency sanctions this procedure, either officially or unofficially.

## II.

■■■ Quinton argues that the penalty of removal is excessive and constitutes an abuse of discretion. The choice of a penalty for an employee's misconduct is a matter largely committed to the discretion of the agency. *Miguel v. Department of the Army,* 727 F.2d 1081, 1083 (Fed.Cir.1984). We will defer to the judgment of the agency regarding the penalty unless it appears totally unwarranted in the circumstances. *Brewer v. United States Postal Service,* 227 Ct.Cl. 276, 647 F.2d 1093, 1098 (1981), *cert. denied,* 454 U.S. 1144, 102 S.Ct. 1005, 71 L.Ed.2d 296 (1982). However, where many of the original charges are not sustained below, we will scrutinize carefully the appropriateness of the penalty imposed. *Hagmeyer v. Department of Treasury,* 757 F.2d 1281, 1285 (Fed.Cir.1985).

■■■ Of the original seven charges raised against Quinton, the MSPB upheld two. It found, however, that these two charges were the most egregious. If the sustained charges had been the subject of a criminal proceeding and requisite criminal intent proved, they allow for criminal penalties of up to five years imprisonment and fines of up to $10,000. We agree that such serious charges provide a sufficient basis for up-

holding the removal of Quinton, particularly when she was employed in a supervisory capacity as head of a personnel office. As a personnel officer, she must have known that *per diem* is not allowable for days used entirely for personal purposes, even if those personal days happen to succeed or precede all the time for which official travel was authorized. Similarly, she should have known that, if overtime was reportable only in fifteen-minute segments, it was improper to "lump" together less-than-fifteen-minute segments to make up payable overtime. The MSPB's decision also contains an adequate analysis of the pertinent factors referred to in *Douglas v. Veterans Administration,* 5 MSPB 313, 5 M.S.P.R. 280, 302 (1981). We note that the MSPB considered the *Douglas* factors in relation to the two sustained charges. *Cf. Kline v. Department of Transportation,* 808 F.2d 43 (Fed.Cir.1986) (remanded to MSPB to apply *Douglas* factors in light of the sustained charges).

## III.

Quinton claims she was removed in reprisal for disclosing to the Special Counsel of the MSPB and to a member of Congress personnel actions she believed to be illegal. The MSPB found that Quinton's beliefs regarding the personnel actions were not reasonable in view of the formal opinion afforded to her by the Coast Guard legal staff—as well as extensive official approval of these actions. Quinton relies merely on the assertion that this belief was reasonable, but she has failed to offer evidence to establish a basis for her belief.

■■■ The MSPB found that Quinton's disclosures were made after the decision to audit her office and, therefore, that the element of retaliation, based on disclosure, required to invoke whistleblower protection was absent. The MSPB's finding on this point is supported by substantial evidence.

Accordingly, we conclude that there was substantial evidence to sustain the two charges upheld by the MSPB and that they were sufficiently serious to warrant Quin-

ton's removal. We also hold that she has failed to establish illegal reprisal under 5 U.S.C. § 2302(b)(8).

AFFIRMED.