Amos G. SOUTHERS, Petitioner,

v.

**VETERANS ADMINISTRATION, Respondent.**

Appeal No. 86–1142.

United States Court of Appeals, Federal Circuit.

March 19, 1987.

---

Robert E. Deso, Deso, Greenberg & Thomas, Washington, D.C., for petitioner.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and Robert A. Reutershan, Asst. Director, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., for respondent.

Before MARKEY, Chief Judge, RICH and SMITH, Circuit Judges.

EDWARD S. SMITH, Circuit Judge.

The final decision of the Merit Systems Protection Board (board), docket No. PH07528510575, 30 M.S.P.R. 184 (1986), effective 5 days after the board on February 4, 1986, denied the petition for review, affirmed the removal of Amos G. Southers (Southers) from the position of education compliance survey specialist with the Veterans' Administration (agency) based on 23 charges. The said final decision is affirmed in part, reversed in part, and remanded.

## ISSUES

The issues presented on appeal are:

1. Whether the board erred in sustaining a multiplicity of 19 charges of false testimony, where the agency repeated substantially the same question 19 times and Southers gave substantially the same answer 19 times; and

2. Whether the board erred in sustaining one charge of false testimony and four charges of intentional falsification of documents.

## BACKGROUND

Southers was removed from his position with the agency based on 23 charges, all involving Southers' oral and written statements that he had conducted a class check at the Baltimore School of Hair Design (school) from 9 a.m. to 10 a.m. on August 30, 1984. The agency found that Southers had not actually attended that class and

that he had intentionally made false statements to the contrary.

Four of the charges were for intentional falsification of four different documents. All four documents related to the compliance survey at the school, and in each document Southers alleged that he had conducted a class check from 9 a.m. to 10 a.m. on August 30, 1984.

After Southers had completed the documents, the agency received information from a school official stating that Southers had not attended the 9 a.m. class and had not arrived at the school until 1 p.m. or 1:30 p.m. Based on the latter information, the agency conducted an investigation on April 2 and April 3, 1985, where Southers testified under oath regarding the 9 a.m. class check.

The agency's first question was whether Southers had "sat in on the class from its start right on through its finish," to which Southers answered "yes." The agency's second question was whether Southers had stayed in the class "from beginning to end," to which Southers again answered "yes." In like manner, the agency asked a total of 19 questions relating to whether Southers had attended the 9 a.m. class, and Southers repeatedly answered that he had attended that class. The agency compiled 19 separate charges alleging that each of the answers was false.

The agency removed Southers on the basis of the total of 23 charges of falsification. Southers appealed to the board. At Southers' request, the board conducted a hearing on September 19 and on September 30, 1985. The agency relied on the adverse action file, exhibits, and the testimony of six witnesses. The agency's case depended in large part upon the credibility of several employees and teachers at the school who maintained that Southers had not been at the school during the time in question. An agency official testified that the *Douglas*[1] factors had been considered in making the decision to remove Southers. Southers also testified and presented witnesses.

The board sustained the agency's removal of Southers based on all 23 charges. The board found the agency had proved the charges by a preponderance of the evidence, and that the agency had given appropriate consideration to the *Douglas* factors. The board rejected Southers' contention that the removal was based on the alleged prohibited personnel practice of retaliation for union activities.

## ANALYSIS

### A. *Multiplicity of Charges.*

■ Southers argues that the board committed harmful legal error in sustaining the multiplicity of 19 charges of false testimony. We agree. It is clear from the record that from the outset of the investigation the agency suspected that Southers had not attended the 9 a.m. class. While the agency's repeated questioning may have been proper for certain purposes, the agency abused its discretion by compounding the repeated testimony into 19 separate charges.[2] Only one charge of false testimony, based on the complete record, should have been brought against Southers. The other 18 charges were duplicative in nature and should not have been brought by the agency or sustained by the board.[3] There-

1. *Douglas v. Veterans Admin.,* 5 MSPB 313, 332, 5 M.S.P.R. 280 (1981).

2. *Cf. United States v. Williams,* 552 F.2d 226, 228 (8th Cir.1977) ("[I]t is improper for 'the government [to] bludgeon a witness who is lying by repeating and rephrasing the same question, thus creating more possible perjury counts,'" quoting *Gebhard v. United States,* 422 F.2d 281, 289–90 (9th Cir.1970)). *But see Novotny v. Department of Transp., FAA,* 735 F.2d 521, 524 (Fed.Cir.1984) ("Contentions that government employees faced with removal are 'entitled to all the protections of a criminal trial' have been authoritatively rejected," *quoting Hoover v. Unit-*

ed States, 513 F.2d 603, 606, 206 Ct.Cl. 640 (1975).). *See also DeSarno v. Department of Commerce,* 761 F.2d 657, 659–61 (Fed.Cir.1985) (limited due process in removal cases, citing *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985)).

3. *Cf. Ibarra v. Department of the Air Force,* 10 MSPB 94, 11 M.S.P.R. 110, 113 (1982) (Two incidents of disobedience to an order, which incidents occurred within a few days of each other, merged into one offense. "An agency, by continuing to issue the same order at various intervals, whether by the same or higher authority, cannot thereby increase the severity of the

fore, the board's decision is reversed to the extent it sustained the latter 18 charges.

### B. *Substantial Evidence to Support Remaining Charges.*

██ There remain one charge of false testimony and four charges of intentional falsification of documents. On appeal to this court, Southers essentially requests that this court reweigh the evidence presented to the board. Southers argues that the testimony of the school employees was not credible, alleging that the employees were biased against him because he had filed adverse reports about the school. However, the board was in a unique position to determine the credibility of the witnesses, and the board found that the testimony of the school employees was more credible than that of Southers.[4] Southers also has failed to show that the board erred in finding that the charges were not brought in retaliation for his union activities.

This court must affirm the board's findings with respect to the five charges because Southers has failed to show that the findings were arbitrary, capricious, unsupported by substantial evidence, or otherwise not in accordance with law.[5]

██ The board found that the penalty of removal was appropriate based on the 23 charges brought by the agency, but the board has made no finding whether that penalty would be appropriate for the five charges affirmed by this court. Because the bulk of the charges have been reversed, the case is remanded for the board to find whether the penalty of removal is appropriate for the five charges sustained, in view of the relevant *Douglas* factors.[6]

### CONCLUSION

The board's final decision is affirmed to the extent it sustained four charges of intentional falsification of documents and one charge of false testimony. The board's final decision is reversed to the extent it sustained 18 additional charges of false testimony. The case is remanded for the board to find whether the penalty of removal is appropriate for the five affirmed charges in view of the relevant *Douglas* factors.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

penalty in a case such as this, where the agency may reasonably anticipate that the order will not be obeyed.").

**4.** See *Hambsch v. Department of the Treasury,* 796 F.2d 430, 436 (Fed.Cir.1986).

**5.** 5 U.S.C. § 7703(c) (1982); *Hayes v. Department of the Navy,* 727 F.2d 1535, 1537 (Fed.Cir. 1984).

**6.** See *Hagmeyer v. Department of the Treasury,* 757 F.2d 1281, 1285 (Fed.Cir.1985) (the board "must carefully consider whether the remaining charge merited the penalty imposed by the agency"); *Douglas,* 5 MSPB at 331–32, 5 M.S.

P.R. at 304–06 ("factors that are relevant for consideration in determining the appropriateness of a penalty"). Here, the record includes evidence of Southers' promotions, performance awards, and record of no previous disciplinary actions. *But see Brewer v. United States Postal Service,* 647 F.2d 1093, 1098, 227 Ct.Cl. 276 (1981) (intentional falsification is a serious offense which may warrant the penalty of removal), *cert. denied,* 454 U.S. 1144, 102 S.Ct. 1005, 71 L.Ed.2d 296 (1982). *See also Kline v. Department of Transp., FAA,* 808 F.2d 43 (Fed.Cir. 1986); *Quinton v. Department of Transp.,* 808 F.2d 826 (Fed.Cir.1986).