847 F.2d 842
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Kevin R. LAWSON, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 87-3544.
 United States Court of Appeals, Federal Circuit.
 April 18, 1988.
 
 Before MARKEY, Chief Judge, DAVIS and EDWARD S. SMITH, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board (Board), No. AT07528710244, affirming the United States Postal Service's (agency's) removal of Kevin R. Lawson (Lawson) for falsifying a request for sick leave and being absent without leave (AWOL) on October 1, 1986, is affirmed.
 
 OPINION
 
 2
 Lawson's argument that the Board should have mitigated the penalty of removal is meritless. The Board correctly applied the Douglas factors to the charges it sustained. See Nagel v. Department of Health and Human Services, 707 F.2d 1384, 1386-87 (Fed.Cir.1983); Douglas v. Veterans Administration, 5 MSPB 313 (1981). Because those sustained charges provide a sufficient basis for Lawson's removal, see Kumferman v. Department of Navy, 785 F.2d 286, 291 (Fed.Cir.1986) (removal for false statements sustained); Yeschick v. Department of Transportation, 801 F.2d 383, 384 (Fed.Cir.1986) (removal for single sustained charge of AWOL sustained), it is irrelevant that they differ from the original charges. Quinton v. Department of Transportation, 808 F.2d 826, 829 (Fed.Cir.1986); Kumferman, 785 F.2d at 291.
 
 
 3
 Contrary to Lawson's allegations, the Board did not make any "harmful error" during the course of the proceedings. The Agency's Notice of Proposed Removal lists as its first example of failure to maintain a regular work schedule Lawson's October 1, 1986 eight hours AWOL. Allowing Carter to testify was not arbitrary, capricious, an abuse of discretion, or otherwise in contravention of law. See Hambsch v. Department of the Treasury, 796 F.2d 430, 435 (Fed.Cir.1986). Furthermore, Carter's testimony should not have come as a surprise as he was one of two witnesses to testify to Lawson's admission. Finally, it was not error for the Board to refuse inquiry into whether Lawson had requested union representation. 5 U.S.C. Sec. 7114(a)(2)(B) (1980). Thus Miguel v. Department of the Army, 727 F.2d 1081 (Fed.Cir.1984), is distinguishable. In any event, primary jurisdiction over such a claim rests with the National Labor Relations Board (NLRB), not the Board or this Court. 39 U.S.C. Sec. 1209(a) (1980) (Postal Service labor-management affairs subject to LMRA); San Diego Bldg. Trades Counsel v. Garmon, 359 U.S. 236, 245 (1959) (NLRB has primary jurisdiction over LMRA claims).