889 F.2d 1100
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Otto R. CASALS, Petitioner,
v.
DEPARTMENT OF AGRICULTURE, Respondent.
 No. 88-3473.
 United States Court of Appeals, Federal Circuit.
 Oct. 13, 1989.
 
 Before PAULINE NEWMAN, BISSELL and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board (Board), Docket No. NY07528810199, affirming the Department of Agriculture's removal of Otto R. Casals, is affirmed-in-part, reversed-in-part, and remanded.
 
 OPINION
 
 2
 In reviewing the Board's decision under 5 U.S.C. Sec. 7703(c) (1982), the substantial evidence test is particularly relevant here. Substantial evidence is more than a mere scintilla and "must do more than create a suspicion of the existence of the fact to be established." Massa v. Department of Defense, 815 F.2d. 69, 72 (Fed.Cir.1987) (quoting Universal Camera Corp. v. Labor Bd., 340 U.S. 474, 477 (1951)).
 
 
 3
 As the administrative judge properly noted, the Department of Agriculture (agency) had the burden of establishing that Dr. Casals knowingly supplied wrong information, and that he did so with the intention of defrauding the government. Naekel v. Department of Transp., 782 F.2d 975, 977 (Fed.Cir.1986). To sustain the portion of the falsification charge regarding Dr. Casals' claim for expenses for his spouse and daughter Vivian between October 13 and November 21, 1986, the agency provided no testimony other than that of the Eastern Airline Ticket Control Supervisor. She merely confirmed that the two tickets issued to Mrs. Casals and Vivian had been "used" on October 13 and 19, 1986, respectively. However, the supervisor also testified that airline ticket collectors generally do not check a passenger's identification; thus, it is relatively easy for someone to travel on someone else's ticket.
 
 
 4
 There is no other evidence that Mrs. Casals and Vivian were not in Puerto Rico continuously, nor that they are the persons who actually used the tickets in question. Conversely, there is evidence that both were in Puerto Rico between October 13 and November 21, 1986. Thus this portion of the falsification charge is not supported by substantial evidence. As we held in Massa, "[w]hile issues such as knowledge and intent are often proved by circumstantial evidence," the agency here has done no more than create a suspicion of the fact to be established. 815 F.2d at 73.
 
 
 5
 After reviewing the record before us, we conclude that the portion of the falsification charge regarding Dr. Casals' claim for expenses between October 6 and 9, 1986, is supported by substantial evidence. The charge regarding purely personal use of a government credit card is undisputed. We agree with the administrative judge's conclusion that financial and personal problems do not exculpate Dr. Casals, but are factors in determining a reasonable penalty.
 
 
 6
 We remand this case to the Board to determine the appropriate penalty in view of our decision. See Southers v. Veterans Admin., 813 F.2d 1223, 1226 (Fed.Cir.1987). In considering carefully the relevant factors enunciated in Douglas v. Veterans Admin., 5 MSPB 313, 330-34 (1981), the Board shall take into account the extenuating circumstances surrounding Dr. Casals' use of the government credit card. We also commend to the Board's attention the agency's handling of Dr. Casals' travel documents.