**Frank E. KLINE, et al., Petitioners,**

v.

**DEPARTMENT OF TRANSPORTATION, FEDERAL AVIATION ADMINISTRATION, Respondent.**

**Appeal No. 85–1651.**

United States Court of Appeals, Federal Circuit.

Dec. 24, 1986.

Richard J. Leighton, Mayberry and Leighton, of Washington, D.C., argued for petitioners. With him on the brief was Douglas J. Behr.

Sandra P. Spooner, Deputy Director, Commercial Litigation Branch, Dept. of Justice, of Washington, D.C., argued for respondent. With her on the brief were

Richard K. Willard, Asst. Atty. Gen. and David M. Cohen, Director.

Before MARKEY, Chief Judge, NICHOLS, Senior Circuit Judge, and BISSELL, Circuit Judge.

BISSELL, Circuit Judge.

Frank E. Kline (Kline) appeals from the decision of the Merit Systems Protection Board (Board), Docket No. CH075281F2075 (Initial Decision), sustaining his removal by the Department of Transportation, Federal Aviation Administration (agency) for absence without leave (AWOL). We vacate and remand.

## BACKGROUND

Kline was on approved annual leave from August 2, 1981 through August 19, 1981. During this leave period, the agency made several unsuccessful attempts to contact Kline to cancel his leave due to the nationwide Professional Air Traffic Controllers Organization (PATCO) strike. On August 6, 1981, a notice of proposed removal was issued to Kline. On August 14, 1981, Kline appeared at the facility to review documents in response to the August 6, 1981 notice of proposed removal. Since this was the first time the agency became aware that Kline had not received notice of the leave cancellation, the agency advised Kline that the notice proposing his removal was withdrawn and that his remaining leave, August 15 through 19, was canceled. Kline was to report to work at 3:00 p.m. on August 15. Kline failed to report. On August 17, a revised notice of proposed removal was sent to Kline, charging Kline with being on strike and being absent without leave (AWOL) on August 15, 16 and 17, 1981. At the hearing, the presiding official ruled that since the agency had failed to prove that the strike lasted after August 6, 1981, Kline's strike participation charge was not sustained. The agency has not appealed the presiding official's finding on this point. The AWOL charge was sustained and the presiding official concluded "that removal for this single sustained of-fense is appropriate under the circumstances of the case." Initial Decision at 10.

## ISSUE

Was the agency's choice of penalty inappropriate?

## OPINION

We review the Board's decision under the authority of 5 U.S.C. § 7703(c)(1982), which provides that the agency's action must be sustained unless it is found to be:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedure required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence. . . .

*See Hayes v. Department of the Navy,* 727 F.2d 1535, 1537 (Fed.Cir.1984).

Kline does not contest the presiding official's factual determinations, but contends that the penalty of removal was inappropriate for the single sustained charge of AWOL. Kline acknowledges that while the Board has the authority to mitigate an agency's penalty, where the agency has not imposed a penalty for the charge that was sustained, the Board cannot substitute its judgment for that of the agency. Kline's argument is founded upon testimony of the agency's deciding official in the hearing before the Board. The agency's deciding official stated that he decided to remove Kline "[b]ecause in my view, he was guilty of striking and he offered no reason for having missed the shifts after deadline." Record at 2824. This official continued: "[I]f I believed they were guilty of striking after their deadline, then [the decision] was to terminate. . . . [I]f it turned out that they were AWOL and they came up there and it wasn't found that they were striking, we could have gone to the AWOL penalties and things like that." Record at 2869–70. The agency's deciding official admitted that he had not researched the penalties for AWOL. Record at 2874.

Based upon this testimony, Kline argues that since the penalty was imposed solely on the erroneous premise that Kline was "striking," his case should have been remanded by the Board to the agency for consideration of the appropriate penalty.

We disagree. The presiding official correctly stated:

Under the agency's table of penalties and offenses the normal agency imposed penalty for a first offense of AWOL of less than five days is a reprimand to a three (3) day suspension. As discussed above, the Board will review the penalty imposed by an agency to "determine whether it is clearly excessive, disproportionate to the sustained charges, or arbitrary, capricious or unreasonable." *Oberman v. United States Postal Service,* [11 M.S.P.B. 477, 13 M.S.P.R. 218] MSPB Docket No. NY05209139 (September 2, 1982). And, the Board will consult the agency's table of penalties to determine whether the penalty chosen was excessive, *Chandler v. Department of the Treasury,* [11 M.S.P.B. 367, 13 M.S.P.R. 90] MSPB Docket No. DA07528110283 (August 23, 1982). Further "where the appropriateness of the penalty has been challenged, the agency is required to come forth with additional evidence to rebut that challenge," *Fox v. Department of the Navy,* [6 M.S.P.B. 292, 6 M.S.P.R. 342] MSPB Docket No. SF07528010401 (May 22, 1981). This is particularly important when some of the initial charges have been dismissed, *Douglas, supra.*

Initial Decision at 10.

The presiding official erred in the conclusory manner in which he applied the law to the facts of Kline's case when he found:

The normal agency penalty is insufficient in this case in that the appellant was AWOL on days when the agency's need for him was arguably acute. Mr. Banks testified that he was forced to curtail flight activities and to cancel the midnight shift which is still cancelled due to lack of a sufficient number of controllers. Further, appellant's absence from August 15 to August 17, 1981, remains unexplained to this day. It is clear that AWOL may be grounds for removal as by its very nature it disrupts the efficiency of the service. *Desiderio v. Department of the Navy,* 4 MSPB 171 (1980). I conclude that removal for this single sustained offense is appropriate under the circumstances of the case.

*Id.*

In cases in which the appropriateness of the penalty is at issue and where some of the initial charges have not been sustained, the presiding official's decision to sustain the penalty should contain a reasoned explanation demonstrating that all relevant *Douglas* factors were properly considered. These factors, which are generally recognized as relevant in determining the appropriateness of the penalty, were set forth by the Board in *Douglas v. Veterans Administration,* 5 M.S.P.R. 280 (1981). "[S]ome of the pertinent factors will weigh in the [petitioner's] favor while others may not or may even constitute aggravating circumstances." *Id.* at 306. The key is a "responsible balancing of the relevant factors" in each case. *Id.*

This court stated in *VanFossen v. Department of Housing and Urban Development,* 748 F.2d 1579, 1581 (Fed.Cir.1984):

In determining an appropriate penalty the Board is not required to articulate irrelevant factors, *Nagel v. Department of Health and Human Services,* 707 F.2d 1384, 1386 (Fed.Cir.1983), but failure to consider a significant mitigating circumstance constitutes an abuse of discretion. *Cf. Miguel v. Department of the Army,* 727 F.2d 1081, 1083–84 (Fed. Cir.1984).

The initial decision (covering the appeals of 110 removed air traffic controllers) contained a section entitled "G. Promoting the Efficiency of the Service and Penalties." Initial Decision at 44–46. Having under consideration in this section of the decision "whether the removal sanction was appropriate and reasonable under the circumstances of these particular cases," Initial Decision at 44, the presiding official set forth with particularity the twelve *Douglas*

factors. After discussion of the severity of the striking charge, the presiding official found *Douglas* factors (1), (2) and (5) the most relevant and concluded that petitioners' "removal on the *combined charges* of striking and unauthorized absence from duty was reasonable and appropriate under the circumstances of these issues." Initial Decision at 46 (emphasis added).

Thus, it is clear that the presiding official recognized that the relevant *Douglas* factors have to be considered and balanced in determining an appropriate penalty for the sustained charge. While the presiding official did so for the sustained "combined charges of striking and unauthorized absence from duty," there is no such finding as to the relevant *Douglas* factors to be considered nor a responsible balancing of the relevant factors for Kline's single sustained charge of AWOL. This, as the presiding official stated, is "particularly important when some of the initial charges have been dismissed." Initial Decision at 10.

We note that this case is different from *Kumferman v. Department of the Navy*, 785 F.2d 286 (Fed.Cir.1986). In *Kumferman*, the petitioner was charged with unauthorized possession of government property, theft, and falsifying official records and removed from his position with the Navy. We did not uphold the charge of falsifying official records. We, nevertheless, affirmed the Board's decision sustaining Kumferman's removal because the Board had considered the relevant *Douglas* factors and because the charges sustained were sufficiently serious to warrant removal. Since the record reflected " 'a reasoned concern for the factors appropriate to evaluating a penalty,' " *id.* at 292–93, (quoting *DeWitt v. Department of the Navy*, 747 F.2d 1442, 1445 (Fed.Cir.1984), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1759, 84 L.Ed.2d 822 (1985)), it was unnecessary to remand the case to the Board to reevaluate the penalty. Although, as in *Kumferman*, the charge sustained may warrant the penalty imposed, *see, e.g., Yeschick v. Department of Transportation, Federal Aviation Administration*, 801 F.2d 383 (Fed.

Cir.1986), what distinguishes this case from *Kumferman*, is that here, the record does not demonstrate that the presiding official identified, balanced and then considered the relevant *Douglas* factors in determining that the sustained charge warranted the penalty imposed.

Therefore, the final decision of the Board sustaining petitioner's removal is vacated and the case is remanded. On remand the Board will determine the relevant *Douglas* factors and will consider and balance those relevant factors in determining an appropriate penalty for the sustained charge of AWOL.

VACATED AND REMANDED.