826 F.2d 1072
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ernest J. LATIMER, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 Appeal No. 87-3302
 United States Court of Appeals, Federal Circuit.
 July 13, 1987.
 
 Before MARKEY, Chief Judge, NICHOLS, Senior Circuit Judge, and BISSELL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), Docket No. AT07528610362, sustaining the United States Postal Service's (agency) removal of Ernest J. Latimer for absence without leave (AWOL), and for maintaining a poor general attendance record, is affirmed.
 
 OPINION
 
 2
 Latimer challenges the sufficiency of the evidence regarding the charges and argues that his case has been prejudiced by procedural error. We see no grounds for reversal in this case.
 
 
 3
 The board, in sustaining two of the agency's four charges of AWOL, relied on the testimony of agency employees and corroborating documentary evidence to conclude that Latimer was AWOL on two separate occasions. The sustained charges of AWOL in both cases are directly related to Latimer's failure to comply with requests that he provide medical or other documentation to explain his illnesses. Latimer said he was not advised of this requirement in one case and did not comprehend the instructions in the second. The board also noted the strong evidence of Latimer's poor overall attendance record from previous years.
 
 
 4
 The board determined Latimer's testimony was not credible and accepted the version presented by agency witnesses. The balancing of testimony is within the discretion of the presiding official who heard the testimony and observed the demeanor of the witnesses. We generally defer to such credibility determinations. Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed. Cir. 1985). Latimer suggests no reason why the testimony offered by agency witnesses should be discredited, and we therefore accept this evidence.
 
 
 5
 Latimer's arguments of procedural error are also meritless. It is well settled that the burden is on the petitioner to establish that asserted procedural error was harmful. Martin v. Federal Aviation Administration, 795 F.2d 995, 997 (Fed. Cir. 1986). Latimer says that the board neglected the collective bargaining agreement with the postal union yet fails to specify the nature of the error beyond citing articles of the agreement he says were ignored. The articles do not appear to conflict with the standards used by the board in its analysis of the agency's decision. Latimer has therefore not met his burden of showing harmful error.
 
 
 6
 Latimer's general attendance record provides additional support for both the agency's demands that he document his absences and their ultimate decision to remove him. The record shows that Latimer was warned about poor attendance and suspended for the same reason on many different occasions during his five-year tenure with the government. He was also suspended for sleeping on the job during his probationary period. The agency decided to remove Latimer in January 1985 for attendance-related reasons, and then agreed to allow him another chance to improve during a one-year trial period, during which the current two AWOL charges occurred. The record reflects that the agency has given Latimer many opportunities to improve his record.
 
 
 7
 The decision of the board sustaining Latimer's removal complies with relevant procedure, has a rational basis, and is supported by substantial evidence from the record taken as a whole. 5 U.S.C. Sec. 7703(c); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984). In reaching this conclusion, we note that the board engaged in the proper analysis of the penalty and considered whether the sustained offenses alone were enough to justify removal. Kline v. Department of Transportation, 808 F.2d 43, 45 (Fed. Cir. 1986); Douglas v. Veterans Administration, 5 M.S.P.R. 280 (1981).