829 F.2d 42
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Anthony E. MAZZA, Petitioner,
v.
U.S. POSTAL INSPECTION SERVICE, Respondent.
 No. 86-1598
 United States Court of Appeals, Federal Circuit.
 Aug. 4, 1987.
 
 Before MARKEY, Chief Judge, BENNETT, Senior Circuit Judge, and SMITH, Circuit Judge.
 SMITH, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), dated May 21, 1986, docket No. SF07528610309, sustaining the United States Postal Inspection Service's (agency) removal of Anthony E. Mazza (Mazza) from his position as a Postal police officer at the Terminal Annex facility in Los Angeles, California, is affirmed.
 
 OPINION
 
 2
 Mazza was charged by the agency with three separate employment related offenses: (1) sexual harassment of a female Postal employee; (2) giving or allowing persons access to privileged information or materials belonging to the agency; and (3) violation of section 157 of the Postal Police Officers Handbook. These charges resulted from Mazza's conduct during the period from January 1985 to December 1985, which conduct was directed at Martha Beserra, a Postal employee. The agency, on the basis of its determination that these charges were proved and that the first two of these charges were of such serious nature to warrant removal, concluded that Mazza's removal from his position was the appropriate penalty for his misconduct. In accordance with the proper procedures, Mazza appealed his removal to the board.
 
 
 3
 The board, as a result of the agency's dropping the third charge, only addressed the first two charges. With respect to the sexual harassment charge, the board, determining both that Mazza's 'conduct created an offensive and hostile working environment for Ms. Beserra' and that Mazza's 'conduct [was] intimidating,' found it 'more likely true than not true that [Mazza] engaged in the charged misconduct.' In addition, the charge of giving or allowing persons access to privileged information or materials belonging to the agency was sustained by the board on grounds that Mazza gave Ms. Beserra an official Government document that contained privileged, personal information about a Worldway Postal Center employee, to which information Ms. Beserra was not authorized access. Finally, the board found, under the circumstances of this case, that the removal by the agency of Mazza from his position as a Postal police officer was a reasonable penalty for Mazza's misconduct.
 
 A. The Charges
 
 4
 1. Sexual Harassment.
 
 
 5
 Our review of the board's finding of sexual harassment is limited. This court's role is not to conduct a de novo appraisal; rather, we only address whether the administrative determination is supported by substantial evidence on the record as a whole. Brewer v. United States Postal Service, 647 F.2d 1093, 1096 (Ct. Cl. 1981), cert. denied, 454 U.S. 1144 (1982). Substantial evidence is 'such relevant evidence as might be accepted by a reasonable mind as adequate to support the conclusion reached.' Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).
 
 
 6
 Mazza argues to us that his conduct did not subject Ms. Beserra to a hostile environment and was not sufficiently severe or pervasive to alter the conditions of Ms. Beserra's employment. As grounds for his argument, Mazza contends that much of the testimony supporting the board's decision conflicted with other testimony and evidence in the record. In addition, Mazza asserts that the testimony, upon which the board relies to support its finding of sexual harassment, concerned events and occurrences that were taken out of context. Mazza's arguments are not persuasive.
 
 
 7
 Conflicting testimony in the record must be expected in a proceeding involving a charge of sexual harassment. In most cases, the record is comprised solely of testimony by the employee charged with the misconduct and of testimony by the harassed employee. When this occurs, it is within the province of the board to make witness credibility determinations. Carosella v. United States Postal Service, 816 F.2d 638, 641 (Fed. Cir. 1987). We cannot disturb these determinations unless they are 'inherently improbable or discredited by undisputed fact or physical evidence." Id. (quoting Dittmore-Freimuth Corp. v. United States, 390 F.2d 664, 685 (Ct. Cl. 1968)).
 
 
 8
 Here, Mazza has not presented us with grounds to disturb the board's findings. No reason has been offered to us by Mazza as to why the testimony given by the agency witnesses should be discredited; accordingly, we accept this testimony. Although the record before us on appeal may contain conflicting testimony and may contain testimony concerning statements or conduct of Mazza that were taken out of context, we hold that there is substantial evidence in the record to support the board's finding of sexual harassment. While a different conclusion might have been reached on the facts presented, we cannot conclude that there was not substantial evidence to support the board's conclusion that Mazza sexually harassed Ms. Beserra.
 
 
 9
 2. Unauthorized Disclosure of Information.
 
 
 10
 In addition to sustaining the agency's finding that Mazza sexually harassed Ms. Beserra, the board affirmed the finding by the agency that Mazza wrongly had given Ms. Beserra an official Government document which contained privileged personal information about another Government employee. Our standard of review on this issue again is limited to whether there is substantial evidence in the record to support the board's determination. See Hayes, 727 F.2d at 1537. Here, Mazza has failed to give us any basis upon which to disturb the board's finding. Indeed, at oral argument, Mazza conceded that he could not refute the board's determination on this issue. We hold that the board's finding is supported by substantial evidence.
 
 B. The Penalty
 
 11
 Mazza argues to us that the board erred by sustaining Mazza's removal from his Postal police officer position by the agency. Mazza disputes the reasonableness of the penalty of removal. Notwithstanding Mazza's assertions, after a thorough review of the record as a whole, we must uphold the board's decision sustaining the penalty of removal imposed on Mazza by the agency.
 
 
 12
 Our review of the board's determination on the penalty issue is limited to two inquiries. First, we normally will defer to the board's determination unless the penalty imposed exceeds the range of permissible penalties specified by regulation or statute. Villela v. Department of the Air Force, 727 F.2d 1574, 1576 (Fed. Cir. 1984). Second, we will defer to the board's determination 'unless the penalty is 'so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." Id. (quoting Power v. United States, 531 F.2d 505, 507 (Ct. Cl. 1976), cert. denied, 444 U.S. 1044 (1980)).
 
 
 13
 1. The Penalty of Removal Was Permissible.
 
 
 14
 The board affirmed the findings and conclusions of the agency both on the charge of sexual harassment and on the charge of unauthorized disclosure of information. Although Mazza does not dispute that removal is a permissible penalty for a charge of sexual harassment, Mazza, at oral argument, asserted that the charge of unauthorized disclosure of information cannot support a penalty of removal. This is wrong. Paragraph 157w of the Postal Police Officers Handbook provides that an officer can be removed for '[g]iving or allowing unauthorized persons access to privileged information or material belonging to the Postal Service.' Accordingly, we conclude that the penalty of removal sustained by the board was within the range of permissible penalties for Mazza's misconduct.
 
 
 15
 2. Sustaining the Penalty of Removal Was Not an Abuse of Discretion.
 
 
 16
 The board, in affirming the agency's removal of Mazza as a penalty for his misconduct, considered the totality of the circumstances in this case in reaching its decision. The factors considered by the board included the nature and seriousness of Mazza's offenses, Mazza's type of employment and the relationship of Mazza's offenses to his position as a Postal police officer, Mazza's past disciplinary record, the supervisor's confidence in Mazza, and Mazza's potential for rehabilitation. Although the board noted Mazza's long service as a positive factor weighing in favor of a lesser penalty, the board recognized that sexual harassment is a serious charge, the severity of which charge outweighed the positive factors in Mazza's record. In addition, the board determined that Mazza violated the trust placed in him by his employer not to allow unauthorized access to privileged information. The board recognized that, as a law enforcement officer, Mazza was held to a higher standard of conduct than are other employees. Finally, the board determined that Mazza did not demonstrate a potential for rehabilitation. Although the penalty imposed is severe, we cannot conclude that the board abused its discretion in affirming Mazza's removal as the appropriate penalty for his misconduct. After a thorough review of the record developed by the board, we must conclude that the board met its obligations of engaging in the proper analysis of the penalty imposed and of considering whether the sustained offenses were enough to justify Mazza's removal. Kline v. Department of Transportation, 808 F.2d 43, 45 (Fed. Cir. 1986); Douglas v. Veterans Administration, 5 M.S.P.R. 280 (1981).
 
 
 17
 Accordingly, we hold that the decision of the board sustaining Mazza's removal by the agency is supported by substantial evidence, and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. Sec. 7703(c) (1982); see Hayes, 727 F.2d at 1537.