867 F.2d 616
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert J. HEBRON, Petitioner,
v.
DEPARTMENT OF COMMERCE, Respondent.
 No. 88-3252.
 United States Court of Appeals, Federal Circuit.
 Jan. 25, 1989.
Rehearing Denied Feb. 22, 1989.
 
 Before MARKEY, Chief Judge, EDWARD S. SMITH and MAYER, Circuit Judges.
 EDWARD S. SMITH, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), dated April 15, 1988, docket No. DC07528710236, sustaining the United States Department of Commerce's (agency) removal of Robert J. Hebron (Hebron) from his position as an air conditioning equipment mechanic with the National Bureau of Standards, is affirmed.
 
 OPINION
 
 2
 On appeal, Hebron alleges three errors that mandate reversal of the board's decision. First, Hebron contends that, before the board, the agency failed to prove the charges listed in either its notice of proposed removal or its notice of removal. Hebron argues that the agency removed Hebron on the basis of Hebron's alleged sale and use of illegal drugs while on duty and on the agency's premises whereas the board sustained Hebron's removal on the basis of its determination that Hebron sold and used illegal drugs while off duty and off the agency's premises. We are unpersuaded by this argument. The language both of the agency's notice of proposed removal and of its notice of removal is clear and sets forth the grounds for Hebron's removal by the agency. It was these same grounds upon which the board sustained Hebron's removal.
 
 
 3
 Second, Hebron argues that the record is void of any evidence that Hebron's use and sale of illegal drugs while on his lunch break affected the performance of his job. Because Hebron failed to raise this issue before the board, he cannot raise it for the first time here. See Meglio v. Merit Systems Protection Board, 758 F.2d 1576, 1577-78 (Fed.Cir.1984).
 
 
 4
 Finally, Hebron argues that the board failed to consider factors mitigating in favor of reducing Hebron's penalty from removal to suspension. We disagree. The board, in sustaining the agency's penalty, stated:
 
 
 5
 Thus, we find that the appellant's eight years of satisfactory service with no prior disciplinary record and his participation in a drug rehabilitation program were outweighed by his long-term drug use, his sale of drugs to a co-worker, their return to duty immediately after their drug use, and the attendant job risks. Therefore, we find that the agency-imposed penalty was within the bounds of reasonableness and that the removal penalty was appropriate under these circumstances. [Citations omitted.]
 
 
 6
 Here, the board met its obligations of engaging in the proper analysis of the penalty imposed and of considering whether the sustained offenses were sufficient to justify Hebron's removal. See Kline v. Department of Transportation, 808 F.2d 43, 45 (Fed.Cir.1986); Douglas v. Veterans Administration, 5 M.S.P.R. 280 (1981).
 
 
 7
 Accordingly, we hold that the decision of the board sustaining Hebron's removal by the agency is supported by substantial evidence and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. Sec. 7703(c) (1982); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).