925 F.2d 1479
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Delbert W. BOX, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 90-3397.
 United States Court of Appeals, Federal Circuit.
 Jan. 14, 1991.
 
 Before CLEVENGER, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Delbert W. Box appeals from the decision of the Merit Systems Protection Board (Board), Docket No. SL07529010084 (April 3, 1990). The Postal Service removed Mr. Box for misrepresenting the amount of time necessary to complete his postal route and other misconduct. The Board mitigated Mr. Box's removal to a 90-day unpaid suspension. This court affirms.
 
 DISCUSSION
 
 2
 This court must affirm unless the Board's decision is arbitrary, capricious, procedurally deficient, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982). Mr. Box asserts that the Board denied him procedural due process by refusing to allow certain witnesses to testify for him. He also contends that the Board's decision is not supported by substantial evidence. Mr. Box challenges as erroneous the Board's finding that the Postal Service did not retaliate against appellant. Finally, Mr. Box complains that his punishment does not fit his misconduct.
 
 
 3
 To prove reversible procedural error, Mr. Box must show by a preponderance of the evidence that the alleged error detrimentally affected the agency's decision. See Baracco v. Department of Transp., 15 M.S.P.R. 112, 123 (1983), aff'd. sub nom. Adams v. Department of Transp., FAA, 735 F.2d 488 (Fed.Cir.), cert. denied sub nom. Schapansky v. Department of Transp., 469 U.S. 1018 (1984). The Board permitted Mr. Box to testify and to call other witnesses on his behalf. Mr. Box did not show harmful procedural error in the Board's reasonable limit on duplicative testimony.
 
 
 4
 The Board upheld the charge of misrepresentation. Mr. Box's supervisor, Mr. Melvin, testified that Mr. Box misrepresented a request for assistance in delivering his assigned volume of mail. The Board found Mr. Melvin's testimony more credible than the testimony offered by Mr. Box and his witnesses. This court has continually held that witness credibility determinations are "virtually unreviewable." Henry v. Department of Navy, 902 F.2d 949, 953 (Fed.Cir.1990). The Board similarly found Mr. Melvin and Postmaster Drury to be more credible than Mr. Box on other aspects of misconduct.
 
 
 5
 The Board found that Mr. Box did not prove that the Postal Service retaliated against him for filing an EEO complaint and engaging in union functions. Mr. Box did not show a nexus between his complaints and the Postal Service's discipline for misconduct. See Webster v. Department of Army, 911 F.2d 679 (Fed.Cir.1990).
 
 
 6
 The Board reduced the Postal Service's proposed punishment of removal to a 90-day unpaid suspension. The choice of punishment for employee wrongdoing is normally left to the discretion of the agency. Miguel v. Department of Army, 727 F.2d 1081, 1083 (Fed.Cir.1984). This court will not interfere with an agency's punishment election unless the agency's actions seem unjustified given all the relevant circumstances. Parker v. United States Postal Service, 819 F.2d 1113, 1116 (Fed.Cir.1987); DeWitt v. Department of Navy, 747 F.2d 1442, 1445 (Fed.Cir.1984), cert. denied, 470 U.S. 1054 (1985).
 
 
 7
 The Board found misrepresentation and other misconduct. The case against Mr. Box included a nexus between the misconduct and the efficiency of the service. Hayes v. Department of Navy, 727 F.2d 1535, 1539 (Fed.Cir.1984); Brown v. Department of Transp., FAA, 735 F.2d 543, 548 (Fed.Cir.1984). In mitigating Mr. Box's penalties, the Board responsibly balanced the applicable factors. Kline v. Department of Transp., 808 F.2d 43, 45-46 (Fed.Cir.1986). The Board's decision is affirmed.