960 F.2d 156
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael E. PHILLIPS, Petitioner,
v.
DEPARTMENT OF THE NAVY, Respondent.
 No. 91-3311.
 United States Court of Appeals, Federal Circuit.
 March 26, 1992.
 
 Before NIES, Chief Judge, PLAGER and ALARCON,* Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Michael E. Phillips petitions for review of a Merit Systems Protection Board (Board) decision, Docket No. PH07529010596, denying review of the initial decision of the administrative judge affirming the Department of the Navy's (Navy) decision to demote Phillips from the position of Rigger Foreman, WS-10, to the position of Rigger, WG-10, and denying his motion to reopen. We reverse the decision of the Board regarding the penalty and order that Phillips be reinstated to a supervisory position, suspended for 14 days, and awarded the difference in pay between the position of a Rigger Foreman and a Rigger except for the 14-day period of suspension.
 
 DISCUSSION
 
 2
 The Navy found that Phillips misused his authority as a supervisor by requesting an employee to deliver a package containing chicken feet addressed to Mary Campbell. Phillips contends that this charge was not supported by substantial evidence. We disagree.
 
 
 3
 Phillips concedes that he directed an employee to run a personal errand for him during business hours in an agency vehicle. Phillips argues that he did not misuse his authority because other supervisors also use Navy employees for personal errands. Evidence that other supervisors also misused their authority does not demonstrate Phillips' conduct benefited the Navy. The record contains substantial evidence that Phillips misused his authority, although the wrong was not so culpable to have warranted demotion.
 
 
 4
 Phillips also contends that the penalty of demotion imposed for conduct unbecoming a supervisor was inconsistent with the 14-day suspension imposed on Campbell's supervisor, Anna Nanay, on the same charge for her involvement in the same incident.
 
 
 5
 On January 3, 1991 (after the time for filing the record before the Board had closed in Phillips' case), the Navy concluded that the evidence concerning Nanay's participation in the delivery of the chicken feet to Campbell warranted demotion, but mitigated the penalty to a 14-day suspension.
 
 
 6
 On January 14, 1991, Phillips filed a motion to reopen the record for submission of a copy of the notice of the proposed demotion of Nanay, dated July 10, 1990, and the January 3, 1991, decision imposing the 14-day penalty. Phillips also requested the opportunity to present argument on the effect of the penalty imposed against Nanay on Phillips' appeal. As an alternative, Phillips requested that the Board remand the matter to the administrative judge to take testimony and hear argument regarding the effect of the Navy's treatment of Nanay on the appropriateness of the demotion of Phillips.
 
 
 7
 On March 26, 1991, the Board denied the petition for review and Phillips' motion to supplement the record on the ground that "the submission does not meet the Board's new evidence criteria." The Board offered no further explanation for its action. The Board failed to rule on the motion to present additional argument on the effect of the 14-day suspension of Nanay, or the alternative request that the matter be remanded in light of this new evidence.
 
 
 8
 The Board erred in denying the motion to supplement the record and in failing to consider the evidence of the disparate treatment imposed by the agency on precisely the same charge in connection with the same incident.
 
 
 9
 In Douglas v. Veterans' Admin., 5 M.S.P.R. 280 (1981), the Board held that in determining the appropriate penalty for employee misconduct, an agency should consider the "consistency of the penalty with those imposed upon other employees for the same or similar offenses." Id. at 305.
 
 
 10
 We recognized in Yeschick v. Department of Transp., Fed. Aviation Admin., 801 F.2d 383 (Fed.Cir.1986), that an agency need not consider all potentially mitigating factors. Id. at 385. We have also held, however, that the failure to consider a significant, mitigating factor constitutes an abuse of discretion. Kline v. Department of Transp., Fed. Aviation Admin., 808 F.2d 43, 45 (Fed.Cir.1986).
 
 
 11
 The record shows that in Phillips' unit, a display of ethnic humor was a common occurrence. In fact, a black employee of Phillips' unit conceived the idea of labelling on the front of the package of chicken feet (ultimately delivered to Campbell) "Negro Lobster Tails" as a joke to tease Phillips' supervisor. The evidence also shows that in Nanay's unit, ethnic humor was not tolerated. Yet, Nanay (who was a friend of Phillips) took the package from the driver, gave it to Campbell, and made a joke about how to cook them. Phillips did not know Campbell and was not a supervisor in her unit. Nanay was acquainted with her employee, Campbell, and the type of humor exhibited in her unit. Therefore, if anything, Nanay's conduct appears to be more culpable than Phillips. Thus, demotion of Phillips in connection with the same incident was clearly an excessive, disproportionate penalty and, therefore, the Board's decision was arbitrary, capricious, and unreasonable. Douglas v. Veterans Admin., 5 M.S.P.R. at 284.
 
 
 12
 Phillips' remaining contentions have no merit. The administrative judge did not abuse her discretion in excluding the testimony of three witnesses proffered by Phillips. The offer of proof supported the administrative judge's conclusion that their testimony was cumulative and repetitive. See Franco v. United States Postal Serv., 27 M.S.P.R. 322, 325 (1985) (administrative judges possess wide discretion to control hearings, including the authority to exclude witnesses offering irrelevant, immaterial and repetitious evidence).
 
 
 13
 Phillips claims that he was deprived of due process because he was deprived of his supervisory duties the day after the incident without 30 days' advance notice. Phillips relies on 5 U.S.C. § 7513(b)(1) in support of this argument. The loss of managerial authority without a reduction in grade or pay is not in itself an appealable matter. Artmann v. Department of Interior, 926 F.2d 1120, 1122 (Fed.Cir.1991).
 
 
 14
 The evidence concerning the disparate penalty imposed upon Phillips and Nanay in this matter is uncontradicted. Under these circumstances, a remand for further proceedings would be inconsistent with the interests of justice. The Board's order is reversed. The Navy is directed to reinstate Phillips to a supervisory position and to suspend him for 14 days.
 
 
 15
 The Navy is also ordered to pay Phillips the difference between the pay he has received as a Rigger, WG-10, from the date of his demotion and the pay he would have received but for the demotion, with appropriate adjustment for the time of suspension.
 
 
 
 *
 Circuit Judge Arthur L. Alarcon of the United States Court of Appeals for the Ninth Circuit, sitting by designation