16 F.3d 419
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Robbye M. PETROSKI, Petitioner,
v.
NATIONAL AERONAUTICS AND SPACE ADMINISTRATION, Respondent.
 No. 93-3020.
 United States Court of Appeals, Federal Circuit.
 Dec. 3, 1993.
Rehearing Denied March 23, 1994.
 
 Before NIES, Chief Judge, SKELTON, Senior Circuit Judge, and SCHALL, Circuit Judge.
 SCHALL, Circuit Judge.
 
 DECISION
 
 1
 Robbye M. Petroski (petitioner) petitions for review of the August 17, 1992 decision of the administrative judge (AJ) in Merit Systems Protection Board (Board) Docket No. AT0752920541I1. The AJ's decision became the final decision of the Board on September 21, 1992. In his decision, the AJ sustained petitioner's removal by the National Aeronautics and Space Administration (agency) from her position as an Industrial Property Management Specialist, GS-1103-11, for (i) insubordination or disrespectful conduct, (ii) a willful attempt to create loss or damage to government property, and (iii) poor job performance demonstrating untrustworthiness or unreliability. The AJ did not sustain two additional charges against petitioner of threatening a fellow employee and making false statements in connection with her employment. Also, the AJ held that petitioner had failed to carry her burden of proving that her removal was because of her whistleblowing. On appeal, petitioner contends that the decision of the Board is not supported by substantial evidence and that the agency abused its discretion in imposing the penalty of removal. We affirm-in-part and reverse-in-part.
 
 DISCUSSION
 
 2
 * We review the Board's decision under a narrow standard, and must affirm unless the decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Brewer v. United States Postal Serv., 647 F.2d 1093, 1096 (Ct.Cl.1981), cert. denied, 454 U.S. 1144 (1982).
 
 
 3
 The agency charged petitioner with three instances of insubordination or disrespect to her supervisor, two of which were sustained by the Board. The first sustained instance was terminating a conversation with her supervisor when doing so was contrary to his wishes. In that regard, petitioner admitted that she ignored her supervisor when he sought to continue their discussion regarding the basis for her performance appraisal. The second sustained instance was telling her supervisor that she would not follow an oral directive from him, only a written one. Petitioner does not contest this instance of insubordination or disrespect.
 
 
 4
 Insubordination is a willful and intentional refusal to obey an authorized order of a superior officer which the officer is entitled to have obeyed. Phillips v. General Servs. Admin., 878 F.2d 370, 373 (Fed.Cir.1989). We hold that the Board's findings and conclusions with respect to insubordination or disrespectful conduct are supported by substantial evidence. Petitioner's argument that there were mitigating circumstances, although relevant to the severity of the penalty, does not negate the fact that twice petitioner intentionally refused to obey an order entitled to be obeyed.
 
 
 5
 The Board-sustained charge of a willful attempt to create loss or damage to government property relates to an incident where petitioner went through files kept in her office and threw away a number of documents. The Board found that petitioner disposed of many documents that should have been retained, and concluded that, in light of the substantial number of documents that should not have been thrown away, petitioner exhibited a reckless disregard for the safekeeping of government documents. We cannot say that this finding is unsupported by substantial evidence. Petitioner's own expert testified that some of the documents should have been retained. Also, the Board found that petitioner was extremely agitated when she was going through the documents, which further indicates a degree of intent sufficient to sustain the charge.
 
 
 6
 The final sustained charge of poor job performance reflecting untrustworthiness and unreliability relates to petitioner's duties in monitoring contractor-held government property. We hold that the Board's findings and conclusion with respect to this charge also are supported by substantial evidence. Petitioner was required to perform a complete inventory of equipment possessed by the contractor, and she admitted that this was not done. Such an omission undermines the agency's oversight responsibilities. In addition, petitioner released the contractor from liability for missing government-purchased software, for which the contractor should have been held accountable.
 
 
 7
 Petitioner contends that she was removed because of her whistleblowing, and that, therefore, the removal action cannot be sustained. See 5 U.S.C. Sec. 7701(c)(2)(B) (1988); see also 5 U.S.C. Sec. 2302(b)(8) (West Supp.1993). To make a showing that an adverse action was taken because of whistleblowing, the employee must demonstrate that the whistleblowing was a contributing factor in the challenged action. Id. Sec. 1221(e)(1). If the employee meets the contributing factor standard of proof, appropriate corrective action must be ordered unless the agency demonstrates by clear and convincing evidence that it would have taken the same action in the absence of such whistleblowing. Id. Sec. 1221(e)(2).
 
 
 8
 We hold that there is substantial evidence to support the AJ's conclusion with respect to petitioner's whistleblowing contention. The AJ determined that although petitioner was a whistleblower, her whistleblowing activity was not a contributing factor in the adverse action against her. Neither the official proposing nor the one deciding the adverse action was aware of petitioner's whistleblowing actions; thus, these officials' actions could not have been because of petitioner's whistleblowing. Further, assuming, arguendo, petitioner's whistleblowing was a contributing factor in her immediate supervisor's actions towards her, there is substantial evidence to support the Board's alternative conclusion that the agency did show by the requisite clear and convincing evidence that the agency would have taken the adverse action even if petitioner had not engaged in whistleblowing. Significant in this respect is the fact that the sustained charges were considered by the agency to be serious offenses.
 
 
 9
 In sum, we affirm the decision of the AJ sustaining three of the charges against petitioner.
 
 II
 
 10
 Finally, petitioner contends that, in this case, imposition of the penalty of removal amounted to an abuse of discretion. We agree and reverse the AJ's affirmance of the penalty.
 
 
 11
 This court will not disturb a penalty "unless it exceeds the range of permissible punishment or is 'so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion.' " Gonzalez v. Defense Logistics Agency, 772 F.2d 887, 889 (Fed.Cir.1985). To earn that deference, selection of the penalty must have been based upon a responsible balancing of the relevant factors set forth in Douglas v. Veterans Administration, 5 M.S.P.R. 280, 296-308 (1981). If an agency's action is based on multiple charges, and if some of the charges are not sustained, the Board's decision "to sustain the penalty should contain a reasoned explanation demonstrating that all relevant Douglas factors were properly considered." Kline v. Department of Transp., 808 F.2d 43, 45 (Fed.Cir.1986).
 
 
 12
 The AJ sustained the penalty of removal after sustaining only three of the five charges which supported the removal penalty. It appears that, in doing so, the AJ deferred almost entirely to the decision of the agency's deciding official. The problem with that approach is that it appears from the record that the agency's decision to remove was based upon the combination of all five charges, rather than upon a single sustained charge or a combination of sustained charges. Therefore, the AJ should have independently balanced the Douglas factors in light of only the sustained charges, particularly since the charge of threatening a fellow employee, which was considered to be the most serious charge by the deciding official, was one of the charges not sustained by the AJ.
 
 
 13
 Further, we hold that the penalty of removal is not within the limits of reasonableness for the sustained charges. In this regard, we find particularly relevant the mitigating circumstances identified by the AJ--namely, petitioner's unblemished 19-year prior government service record, the brief three-month time-frame in which petitioner's misconduct occurred, the fact that petitioner felt that she was unjustly passed over for promotion, the apparent shortcomings of petitioner's supervisor, and the fact that at least two of petitioner's coworkers apparently were conspiring against her.
 
 
 14
 Petitioner's penalty is reduced to a suspension of three months.
 
 
 15
 NIES, Chief Judge, concurs in the result.