48 F.3d 1236
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Lawrence HANNER, Petitioner,
v.
DEPARTMENT OF the Army, Respondent.
 No. 94-3525.
 United States Court of Appeals, Federal Circuit.
 Feb. 10, 1995.
Rehearing Denied April 6, 1995.
 
 62 M.S.P.R. 677.
 AFFIRMED.
 Before MICHEL, Circuit Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Lawrence Hanner appeals the decision of the Merit Systems Protection Board (Board), Docket Nos. CH-0752-91-0459-B-1 and CH-0752-93-0483-I-1, which became final on June 8, 1994, overturning the January 14, 1993, decision of the Administrative Judge (AJ). The Board affirmed the action of the Department of the Army (agency), removing Hanner from his position as a mechanical engineer for failing to follow leave procedures, being absent without official leave (AWOL), and creating a disturbance outside his work area. Because the decision of the Board is supported by substantial evidence and, considering all the Douglas factors, the penalty was not unreasonable, we affirm.
 
 DISCUSSION
 
 2
 The agency charged Mr. Hanner with three instances of failing to follow leave procedures, three instances of being AWOL, insubordination, lying to a supervisor, and creating a disturbance on the job outside his own work area. In his initial decision, the AJ found that Hanner had failed to follow leave procedures and was AWOL on two occasions. The AJ found that the agency had not proven the remaining charges, and mitigated the penalty from dismissal to a 60-day suspension.
 
 
 3
 On September 11, 1992, the Board upheld the AJ's findings that Hanner had failed to follow leave procedures and had been AWOL on two occasions, vacated the AJ's findings regarding all the other charges, and remanded. On remand, the AJ again found that the agency had not proven those charges and again mitigated the penalty to a 60-day suspension.
 
 
 4
 The Board overturned part of this decision, finding that Hanner had created a disturbance outside his work area. The Board cited its finding on this incident, the other sustained charges, and Hanner's adverse disciplinary record in reinstating the agency's penalty of removal.
 
 
 5
 Hanner argues here that substantial evidence does not support the Board's finding that he had created a disturbance while visiting a shop separate from his own work area. The AJ had found the testimony of that shop's supervisor, Greg Carter, describing the alleged disturbance, to be inconsistent and not credible and, therefore, concluded the agency had not proven the charge of creating a disturbance. The Board is free to substitute its judgment, either upon the facts or upon the law, for that of the AJ, with deference to the AJ upon any issues of credibility. Connolly v. Department of Justice, 766 F.2d 507, 512 (Fed.Cir.1985). This court reviews the Board's findings of fact for substantial evidence, but will consider the presiding official's contrary credibility determinations. Jackson v. Veterans Admin., 768 F.2d 1325, 1331 (Fed.Cir.1985). Generally, we have required that the Board explain its contrary reading of testimony, especially as to credibility determinations, to the extent they rest on witness demeanor.
 
 
 6
 Carter testified that Hanner was in his shop 30-35 minutes. Yet during cross-examination, Carter admitted that the actual disruption might have lasted only 15 minutes. However, the Board reasoned that the two statements are not truly inconsistent. Furthermore, the Board identified inconsistencies in Hanner's testimony, which were not given weight by the AJ. The inconsistencies are both internal and between Hanner and his corroborating witness, James Vitale. Hanner testified that he told Carter he was not in his shop on union business, yet Vitale testified that he heard Hanner tell Carter he was there on union business. Hanner testified that he was just passing through the shop when the incident occurred, yet Hanner also testified that he went to the shop to obtain union forms from Vitale. Hanner stated that he had no idea that the forms were available at the union office, yet Hanner also testified that he went to the union office seeking the forms, but none were available.
 
 
 7
 The inconsistencies in Hanner's and Vitale's testimonies were, in the Board's view, significant, while the "inconsistencies" in Carter's testimony were insignificant. We agree. We therefore conclude the Board properly overturned the credibility determinations of the AJ. Accordingly, the Board's determination that Hanner created a disturbance outside his work area is supported by substantial evidence and in accordance with the law.
 
 
 8
 Hanner next argues that the Board's finding that he failed to follow leave procedures and was AWOL on two occasions is not supported by substantial evidence. The Board, like the AJ, found that the agency had proven these charges by a preponderance of the evidence with testimony of Hanner's supervisor that was both consistent and found to be credible by the presiding official. As such, there is substantial evidence to support the Board's finding.
 
 
 9
 Hanner also argues that the agency's petition for review (PFR) to the full Board should have been dismissed because the agency did not comply with the interim relief order of the AJ. The Board's finding that the agency had complied with the interim relief order is supported by substantial evidence consisting of a personnel action submitted with the PFR, and a pay stub showing that Hanner began receiving interim pay as of the date of the AJ's decision.
 
 
 10
 Hanner similarly argues that the agency's second PFR should have been dismissed because the agency improperly removed interim relief following the Board's remand decision on September 11, 1992. This objection was first raised October 4, 1993, after the record on remand was closed March 31, 1993. As such, the Board ruled it untimely. Though Hanner cites his March 30, 1993, reply to the PFR as having raised this issue, the reply contains no objection to the removal of interim relief on September 11, 1992. Accordingly, this issue was not raised in a timely manner and is not subject to review.
 
 
 11
 The Board reversed the AJ's mitigation of the penalty and imposed the agency's chosen penalty of removal. This court will overturn a penalty only if it exceeds that permitted by statute or regulation or is an abuse of discretion. Schapansky v. Department of Transp., FAA, 735 F.2d 477, 484 (Fed.Cir.1984). However, where some of the agency's initial charges are not sustained, the Board's decision must contain a reasoned explanation demonstrating that the relevant factors at Douglas v. Veterans Admin., 5 M.S.P.R. 280, 305 (1981) were considered. Kline v. Department of Transp., FAA, 808 F.2d 43, 45 (Fed.Cir.1986). It is not necessary that the Board address all factors, but it must address any significant mitigating circumstances. Id. at 45.
 
 
 12
 The Board considered that Hanner had received favorable evaluations for job performance. Nevertheless, the Board found that the agency's sustained charges, when considered with Hanner's two previous suspensions for similar conduct, were adequate to support the penalty of removal. The Board's decision took into account all significant mitigating factors, and it is not an abuse of discretion because unscheduled absences are disruptive of agency operations, and being AWOL in combination with a record of previous suspensions, indeed for similar conduct, is grounds for dismissal. See Law v. United States Postal Serv., 852 F.2d 1278, 1280 (Fed.Cir.1988), and Wiemers v. Merit Sys. Protection Bd., 792 F.2d 1111, 1113 (Fed.Cir.1986).
 
 
 13
 We have reviewed all other arguments raised by the appellant and find them to be without merit.