NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3028

ANTHONY D. CUNNINGHAM,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Anthony D. Cunningham, of Cleveland, Ohio, pro se.

Morgan E. Rehrig, Attorney, United States Postal Service, of Washington, DC, for respondent. With her on the brief was Lori J. Dym, Chief Counsel. Of counsel were Teresa A. Gonsalves, Attorney, United States Postal Service, of Washington, DC, and Scott A. MacGriff, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3028

ANTHONY D. CUNNINGHAM,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in CH0752070532-I-1.

_____

DECIDED:  April 22, 2009

_____

Before LOURIE, GAJARSA, and PROST, Circuit Judges.

PER CURIAM.

Anthony D. Cunningham appeals from a decision of the Merit Systems Protection Board ("Board"), Cunningham v. United States Postal Service, 109 M.S.P.R. 402 (2008), sustaining his removal from the Postal Service.  Because the Board erred in overturning a demeanor-based credibility finding by the Administrative Judge ("AJ"), we reverse and remand.

## BACKGROUND

Mr. Cunningham served as a Mail Handler at the Processing and Distribution Center in Cleveland, Ohio.  On February 11, 2007, Mr. Cunningham and another Postal

Service worker, Mr. Melvin Allmond, were involved in a physical altercation on postal property after work. Neither Mr. Cunningham nor Mr. Allmond sought medical treatment that night for their injuries. After an investigation, Mr. Cunningham was issued a Notice of Proposed Removal based on charges of Improper Conduct/Violation of Zero Tolerance Policy. Mr. James Hostetler ("Deciding Official") issued Mr. Cunningham a Letter of Decision, sustaining the charge and removing him from the Postal Service effective June 16, 2007. Mr. Cunningham appealed the decision to the Board, which assigned the case to an AJ.

The AJ found that the Deciding Official had not considered mitigating factors in his decision to remove Mr. Cunningham, contrary to the requirement of Douglas v. Veterans Administration, 5 M.S.P.R. 280 (1981). Cunningham v. U.S. Postal Serv., No. CH-0752-07-0532-I-1 (M.S.P.B. Oct. 16, 2007). The AJ mitigated the removal penalty to a 30-day suspension without pay, finding, inter alia, that Mr. Allmond was the primary aggressor and that Mr. Cunningham had acted in self-defense. The Postal Service filed a petition for review with the Board. The full Board reversed the decision of the AJ and sustained Mr. Cunningham's removal, finding that the Deciding Official had considered the Douglas factors such that the Deciding Official's penalty decision deserved deference. Cunningham, 109 M.S.P.R. at 413. Mr. Cunningham timely filed this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Decisions of the Board must be affirmed unless the decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence."  5 U.S.C. § 7703(c); see also Dickey v. OPM, 419 F.3d 1336, 1339 (Fed. Cir. 2005) (outlining this court's standard of review).

It is well settled that a penalty's reasonableness should be assessed under the twelve factors set forth in Douglas.  See, e.g., Webster v. Dep't of the Army, 911 F.2d 679, 686 (Fed. Cir. 1990).  One of the factors is "mitigating circumstances surrounding the offense such as unusual job tensions, personality problems, mental impairment, harassment, or bad faith, malice or provocation on the part of others involved in the matter."  Douglas, 5 M.S.P.R. at 305.  We have held that a failure to consider significant mitigating circumstances constitutes an abuse of discretion.  See, e.g., Kline v. Dep't of Transp., F.A.A., 808 F.2d 43, 45 (Fed. Cir. 1986).  In addition, the Board has held that an agency may establish a zero tolerance policy that results in automatic removal if the agency has effectively communicated the policy of removing all employees who engage in the prohibited conduct, and if the agency has consistently followed the policy.  See Tucker v. Veterans Admin., 11 M.S.P.R. 131, 133-34 (1982).  Because neither party contends that the policy in the present case has met these requirements, we find that Mr. Cunningham's penalty must be analyzed according to the Douglas factors.

Mr. Cunningham argues that the Board erred in overturning the AJ's finding that the Deciding Official had not considered the mitigating circumstances Douglas factor. We agree.  The Board is not "free to overturn an administrative judge's demeanor based credibility findings merely because it disagrees with those findings."  Leatherbury v. Dep't of the Army, 524 F.3d 1293, 1304 (Fed. Cir. 2008), (quoting Haebe v. Dep't of Justice, 288 F.3d 1288, 1299 (Fed. Cir. 2002)).  A Board decision does not survive substantial evidence review if its reasons for overturning demeanor-based credibility

determinations are not "sufficiently sound." Haebe, 288 F.3d at 1301. The Deciding Official testified before the AJ that he was aware of and considered the Douglas factors in his decision to remove Mr. Cunningham. However, he later admitted that in his view, the agency's zero tolerance policy requires removal for a sustained charge of violence in the workplace. Therefore, the AJ found that the Deciding Official claimed that he applied and considered the Douglas factors, but his testimony in this regard lacked credibility, because he applied the Zero Tolerance Policy, a per se rule requiring removal. The Board overturned the AJ's finding, citing the Deciding Official's testimony that he had considered the Douglas factors. Cunningham, 109 M.S.P.R. at 413. Because the Board gives no reason for overturning the AJ's credibility finding relative to the application of the Douglas factors, the AJ's determination must stand. The Board thus abused its discretion by granting deference to the Deciding Official's decision, which, per the AJ's findings, was not properly based on the Douglas factors.

Finally, we note that the Board's decision in this case deviates from its standard practice of finding suspension the appropriate penalty in cases such as the present case. The Board has found mitigation of a removal to a suspension appropriate in a charge of physical assault on a co-worker where (1) no serious injury results; (2) no weapons are used; (3) the employee has a history of satisfactory performance; (4) the agency does not rely upon a prior disciplinary record in selecting the penalty; and (5) there is an element of provocation present. Faucher v. U.S. Postal Serv., 41 M.S.P.R. 336, 339 (1989) (finding a 60-day suspension the maximum reasonable penalty when all five of these circumstances were present); see also Quinata v. U.S. Postal Serv., 51 M.S.P.R. 76 (1991) (removal mitigated to a 120-day suspension when

the appellant was not the primary aggressor); <u>Lindsey v. Dep't of the Navy</u>, 9 M.S.P.R. 468, 471 (1982) (removal mitigated to a 60-day suspension); and <u>Grandison v. Dep't of the Navy</u>, 7 M.S.P.R. 301, 304 (1981) (removal mitigated to a 60-day suspension). It appears from the record that all five of these circumstances are present in this case, and the Board has not held otherwise.

Therefore, the decision of the Board is reversed, and the case is remanded for an appropriate remedy in favor of Mr. Cunningham consistent with this opinion.

Costs shall be awarded to Mr. Cunningham.