NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3171

JUDY C. TEXEIRA,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Morris E. Fischer, Law Office of Morris E. Fischer, of Bethesda, Maryland, argued for petitioner.

Marla T. Conneely, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. On the brief were Jeanne E. Davidson, Director; Todd M. Hughes, Deputy Director; and Robert C. Bigler, Trial Attorney.

Appealed from: Merit Systems Protection Board

Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3171

JUDY C. TEXEIRA,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for Review from the Merit Systems Protection Board in SF0752060072-I-2

_____

DECIDED: February 28, 2008

_____

Before BRYSON and MOORE, <u>Circuit Judges</u>, and WOLLE, <u>Senior District Judge</u>.[*]

PER CURIAM.

## DECISION

Judy Texeira (Texeira) appeals from the decision of the Merit Systems Protection Board (Board), Docket No. SF0752060072-I-2, that upheld her demotion by the United States Postal Service (agency) from her position of EAS-17 customer services supervisor at the Modesto Main Post Office to a part-time entry level position at the Post Office in

---

[*] Honorable Charles R. Wolle, Senior District Judge, United States District Court for the Southern District of Iowa, sitting by designation.

Ripon, California. Texeira contends the Board erred in two respects. First, she contends the Board should not have split a single charge against her, enabling the Board to dismiss one charge but discipline her on a second lesser charge. Second, Texeira contends the Board imposed excessive punishment for the separate charge. We conclude the Board properly considered two charges, dismissing the more serious but upholding the lesser charge of timekeeping irregularity. We vacate the penalty on the lesser charge and remand this case to the Board to impose discipline that considers only Texeira's conduct that proved the less serious charge.

BACKGROUND

In January of 2005, Texeira was supervisor of five window clerks and several floor clerks, and she was also finance supervisor at the Modesto Main Post Office. She had been a supervisor for about seven years, a postal employee for about nineteen years, and had no prior record of misconduct. On January 26, however, Texeira incorrectly posted 160 hours of annual leave for an employee she was supervising. The employee had not yet earned the leave, never earned it, and later returned the leave pay to the agency. When the agency learned about and investigated Texeira's incorrect timekeeping entry, the manager of customer service at the Modesto Main Post Office served her with a notice of removal from federal service. The initial charge was a simple statement that she had incorrectly posted the unearned leave for an employee she was supervising. That notice of removal was revised on August 2, 2005 with a more detailed description of the conduct involved in her incorrect posting of annual leave, including a listing of several Postal Service rules and regulations that she allegedly had violated. The notice stated: "Charge: Unacceptable Conduct: Falsification in Recording Time/Failure to Follow Proper

Timekeeping Procedures." When Texeira protested, the agency selected as its decisionmaker on the matter Richard Sarno, Human Resources Manager of the Sacramento District. Sarno conducted his own investigation and then on September 19, 2005 issued his Letter of Decision. He found the August 2 charges "fully supported by the evidence." In his decision on discipline, he wrote and highlighted that removal from federal service would be "too severe." He decided instead to reduce her in grade and pay to a part-time position at the much smaller postal facility in Ripon, California.

## BOARD DECISION

On September 20, 2006, an Administrative Judge (AJ) held a plenary hearing, then filed his initial decision. The Board denied Texeira's petition for review making the AJ's decision the final decision in the matter. The AJ considered the agency charge as two charges, one for falsification of time records and the other for failure to follow proper timekeeping procedures. The AJ found the agency did not prove falsification but did prove the lesser charge. The AJ then upheld the same substantial penalty the agency had imposed for both charges

In his decision the AJ first addressed Texeira's argument that the agency had asserted a single charge against her that could not be divided into a greater charge and a lesser charge. The AJ held, based on Walker v. Department of the Navy, 59 M.S.P.R. 309, 318 (1993), that a single act of misconduct could be read as presenting multiple charges, so long as each required different elements of proof. Noting that the agency decisionmaker Sarno testified at the Board hearing that he considered the agency's allegation to be a single charge, the AJ nevertheless decided the agency's charge label gave rise to both the alleged falsification of recorded earned leave, and a separate alleged failure to follow

proper timekeeping procedures.  The AJ wrote that proof of an intent to deceive was an element of the charge of "Falsification in Recording Time," but that an intent element was not required to prove failure to comply with proper timekeeping procedures.  He dismissed the falsification charge as unproved, but found the agency had proved the second charge.

Having found the agency proved only the charge of failure to record an entry correctly, the AJ upheld the sanction of demoting Texeira to an entry level position at a post office outside Modesto.  The AJ explained that the decisionmaker Sarno gave adequate consideration to all relevant penalty factors and wrote:

> [I]t is apparent from the deciding official's analysis that he considered demotion to be appropriate even if [Texeira] had not attempted to defraud or deceive the agency.  He testified that he "did not find that [Texeira] intentionally tried to defraud" the agency.

This gives rise to Ms. Texeira's second ground for appeal, excessiveness of the penalty.

DISCUSSION

We review the Board's decision under the authority of 5 U.S.C. § 7703(c) (2000), which provides that the agency's action must be sustained unless it is found to be:  (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.  See Kline v. Dep't of Transp., 808 F.2d 43, 44 (Fed. Cir. 1986); Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).

On the charge separation issue, we agree with the AJ's analysis and conclusion. The AJ correctly decided that the agency's charge label gave rise to two separate charges, one falsification of recorded earned leave, and the other the failure to follow proper timekeeping procedures.  Plainly the charge of "Falsification in Recording Time" required proof of an intent to deceive, an element not required to prove timekeeping or record

keeping errors. Consequently, the AJ properly analyzed the two types of timekeeping offenses separately and had the authority to find the agency had proved the lesser charge but not the charge requiring intent. Moreover, the AJ carefully explained the factors considered in addressing Texeira's credibility that was critical in deciding the intent issue. The AJ's finding that Texeira had testified truthfully that she did not intend to defraud or deceive the agency when she posted annual leave for a fellow employee is supported by substantial evidence. The circumstances corroborated her explanation. In addition, the AJ found the agency had not proved that she "was guilty of falsification in recording time." The AJ did, however, well document the proof that Texeira had not verified the incorrect annual leave she had posted, noting that Texeira had said she had made an error and admitted she "made a mistake." We conclude that the AJ's determination that the agency proved the lesser charge of failing to comply with agency timekeeping procedures is supported by substantial evidence. The description in the charging label plainly presented both a more serious charge of "falsification" and a less serious charge concerning a timekeeping violation.

We find merit in Texeira's second contention that the penalty must be reconsidered by the agency in light of the Board's dismissal of the falsification charge. When falsification was not proved, the original penalty was too severe. We do not lightly review agency disciplinary decisions. These are necessary to promote the efficiency of government service. Parker v. U.S. Postal Serv., 819 F.2d 1113, 1116 (Fed. Cir. 1987). We give deference to the agency's judgment unless a penalty violates a statute or regulation or is "so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." Villela v. Dep't of the Air Force, 727 F.2d 1574, 1576 (Fed. Cir. 1984) (citing

Power v. United States, 531 F.2d 505 (Ct. Cl. 1976)).  The Court has written that our review of M.S.P.B. decisions must allow the Board "wide latitude in fulfilling its obligation to review agency disciplinary actions."  U.S. Postal Serv. v. Gregory, 534 U.S. 1, 6-7 (2001) ("It is not for the Federal Circuit to substitute its own judgment for that of the Board.").

But our deference to the Board's wide latitude is not unlimited.  Agencies and the Board are obligated responsibly to consider and balance relevant factors for each individual case before selecting an appropriate penalty; and the Board has listed twelve factors—so called Douglas factors—to assure that the punishment "strikes a responsible balance within tolerable limits of reasonableness."  Douglas v. Veterans Admin., 5 M.S.P.R. 280, 305-06 (1981).  Pertinent here, the Board in Douglas wrote:

> Whenever the agency's action is based on multiple charges some of which are not sustained, the presiding official should consider carefully whether the sustained charges merited the penalty imposed by the agency. In all cases in which the appropriateness of the penalty has been placed in issue, the initial decision should contain a reasoned explanation of the presiding official's decision to sustain or modify the penalty, adequate to demonstrate that the Board itself has properly considered all relevant factors and has exercised its judgment responsibly.

Id. at 306. Moreover, in Kline v. Department of Transportation, 808 F.2d at 45, our court addressed, as we again do here, the question whether the Board correctly upheld a penalty when only one of several charges against an employee had been proved. We vacated the penalty and remanded the case to allow the agency's deciding official to determine an appropriate penalty for the single proved charge. We there emphasized that the deciding official made no finding about what the penalty would be if fewer than all charges were proved. We wrote: "[The] record does not demonstrate that the presiding official identified, balanced and then considered the relevant Douglas factors in determining that the sustained charge warranted the penalty imposed." 808 F.2d at 46.

Similarly, the record here does not support the AJ's statement that the decisionmaker Sarno "considered demotion to be appropriate even if [Texeira] had not attempted to defraud or deceive the agency." Sarno did not so testify, neither did he write nor imply in his decision that he would have imposed the same discipline for a mere timekeeping error. Sarno testified: "I was losing trust and faith in her." And he testified: "I believe she did it on purpose to do something for a friend and she made a huge mistake." And he testified: "She paid somebody that didn't deserve to get paid. I think she did it on purpose. She did it for a friend and it was wrong."

This record demonstrates a decisionmaker imposing a severe penalty because he believed the agency had proved Texeira guilty of purposeful falsification, not just the failure to make a correct entry of vacation time. The agency has not yet articulated what less severe sentence should be imposed when it proved only a much less severe charge. The first of the twelve factors listed in the Board's Douglas decision is "the nature and seriousness of the offense." The agency decisionmaker gave no rational basis for

imposing a severe sentence on a less serious charge.  When that factor was not properly considered, the penalty imposed was disproportionate to the proved charge and unsupported by substantial evidence.  We remand for reconsideration of the penalty to be imposed on the lesser charge only.

## CONCLUSION

We affirm that part of the Board's final decision that upheld the agency's charge that Ms. Texeira failed to follow proper timekeeping procedures, but we vacate the Board's final decision that upheld the agency's penalty of demotion to a part-time position on that charge.  The case is remanded so an appropriate penalty can be imposed based only on the improper timekeeping charge.